IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TAIEB ZIAT<br><br>Plaintiff,<br><br>v.<br><br>CARLEX GLASS AMERICA, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>Case No. 3:26-cv-00479<br><br>JURY DEMANDED |

ANSWER

Carlex Glass America, LLC ("Carlex"), by undersigned counsel, responds to the Complaint herein and submits affirmative and other defenses, as set out below.

1. Carlex admits this is a civil action seeking relief under the Family and Medical Leave Act ("FMLA"), but denies that Plaintiff is entitled to relief thereunder, or otherwise.

2. Carlex denies the allegations in paragraph 2 of the Complaint.

3. Carlex admits that it employed Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and therefore denies them.

4. Carlex admits the allegations in paragraph 4 of the Complaint.

5. Carlex admits the allegations in paragraph 5 of the Complaint.

6. Responding to paragraph 6 of the Complaint, Carlex admits that venue is proper in this Court but denies that any actions giving rise to a claim occurred.

7. Carlex admits the allegations in paragraph 7 of the Complaint.

8. Carlex Glass admits that it employed Plaintiff as a Business Analyst on the stated dates and admits the description of his duties is generally correct. Carlex denies that it discharged Plaintiff unlawfully.

9. Carlex admits that Plaintiff, at times, received praise from some management team members. Carlex denies any implication the Plaintiff performed well at all times, and notes that there were various deficiencies in his work.

10. Carlex admits that Plaintiff met with Mr. Loper on December 19, 2025, and denies Plaintiff's characterization of the meeting.

11. Carlex denies the allegations in paragraph 11 of the Complaint. Carlex further notes that the position referenced in this paragraph was approved in September of 2025 but had not yet been filled.

12. Carlex admits the allegations in paragraph 12 of the Complaint, with the exception that it does not know what Plaintiff means by "special needs" and therefore denies that allegation.

13. Carlex admits Plaintiff has stated in connection with his FMLA application that he has a son who has a serious health condition, and has indicated that Plaintiff takes his son for treatments.

14. Carlex admits that it did not pay Plaintiff a bonus and denies that it had any obligation to do so as Plaintiff did not qualify for the bonus.

15. Carlex admits that Mr. Loper emailed Plaintiff on or about March 23, 2026. The email speaks for itself and Carlex denies any characterization of its contents.

16. Responding to paragraph 16 of the Complaint, Carlex notes that the referenced posting was related to the process for hiring a candidate who was identified to fill the position that was first posted in September. That hiring was unrelated to Plaintiff or his leave status.

17. Carlex denies the allegations in paragraph 17 of the Complaint. Further, the email speaks for itself and Carlex denies any characterization of its contents.

18. Responding to paragraph 18 of the Complaint, the email speaks for itself and Carlex denies any characterization of its contents.

19. Responding to paragraph 19 of the Complaint, Carlex denies that Mr. Loper re-casted the meeting in any manner. Carlex is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Responding to paragraph 20 of the Complaint, Plaintiff's email speaks for itself and Carlex denies any characterization of its contents.

21. Responding to paragraph 21 of the Complaint, Carlex denies that it was interfering with Plaintiff's FMLA leave or retaliating against him. Carlex admis that Plaintiff made a proposal for separation of his employment, which proposal speaks for itself.

22. Responding to paragraph 22 of the Complaint, the referenced email speaks for itself and Carlex denies any characterization of its contents.

23. Responding to paragraph 23 of the Complaint, Carlex is without knowledge or information sufficient to form a belief as to the allegation in the first phrase and therefore denies the same. Carlex admits that at some point Plaintiff engaged counsel.

24. Responding to paragraph 24 of the Complaint, the referenced letter speaks for itself and Carlex denies any characterization of its contents.

25. Responding to paragraph 25 of the Complaint, Carlex admits that it engaged counsel. The referenced letter speaks for itself and Carlex denies any characterization of its contents.

26. Responding to paragraph 26 of the Complaint, Carlex is without knowledge or information sufficient to form a belief regarding the allegations about Plaintiff's state of mind and therefore denies them. Carlex admits that Plaintiff's counsel indicated Plaintiff's intent to return to work the following Monday.

27. Responding to paragraph 27 of the Complaint, the referenced email speak for itself and Carlex denies any characterization of its contents.

28. Carlex denies that allegations in paragraph 28 of the Complaint.

29. Carlex denies the allegations contained in paragraph 29 of the Complaint.

30. Carlex incorporates its responds to paragraphs 1 to 29 of the Complaint as if set forth in full herein.

31. The allegations in paragraph 31 of the Complaint state a legal conclusion to which no response is required.

32. The allegations in paragraph 32 of the Complaint state a legal conclusion to which no response is required.

33. Carlex admits the allegation in paragraph 33 of the Complaint.

34. Carlex denies the allegation in paragraph 34 of the Complaint.

35. Carlex denies the allegation in paragraph 35 of the Complaint.

36. Carlex denies the allegations in paragraph 36 of the Complaint.

37. Carlex denies the allegations in paragraph 37 of the Complaint.

38. Carlex incorporates its responses to paragraphs 1 to 37 of the Complaint as if set forth in full herein.

39. The allegations in paragraph 39 of the Complaint state a legal conclusion to which no response is required.

40. The allegations in paragraph 40 of the Complaint state a legal conclusion to which no response is required.

41. Carlex admits the allegation in paragraph 41 of the Complaint.

42. Carlex denies the allegations in paragraph 42 of the Complaint.

43. Carlex denies the allegations in paragraph 43 of the Complaint.

44. Carlex denies the allegations in paragraph 44 of the Complaint.

45. Carlex denies the allegations in paragraph 45 of the Complaint.

46. Except as specifically admitted above, Carlex denies all allegations in the Complaint.

47. Carlex denies that Plaintiff is entitled to any of the relief prayed for in the prayer for relief that follows paragraph 45 of the Complaint, including that prayed for in numbered paragraphs 1 to 5 thereunder.

48. Carlex submits the following defenses:

FIRST DEFENSE

Plaintiff is not entitled to an award of lost compensation damages to the extent he has failed to reasonably mitigate the same.

SECOND DEFENSE

No liquidated damages are warranted because Carlex at all times acted with a good faith reasonable belief that its actions were in compliance with the FMLA.

THIRD DEFENSE

Plaintiff's claims are barred because Carlex had lawful and legitimate reasons for all actions taken with respect to Plaintiff.

Respectfully submitted this 26th day of May 2026.

By: *s/Howard B. Jackson*
Howard B. Jackson (BPR 021316)
**FORDHARRISON LLP**
150 3rd Avenue South, Suite 2010
Nashville, TN 37201
Phone: 615-574-6702
Fax: 615-574-6701
Email: hjackson@fordharrison.com

*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, the foregoing document was served via the court's electronic filing system to the following:

Ben H. Bodzy
BODZY LAW PLLC
10 Burton Hills Blvd., Suite 400
Nashville, TN 37215
bbodzy@bodzylaw.com

*Attorney for Plaintiff*

*Howard B Jackson*
Howard B. Jackson